[Docket No. 4]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| OCWEN LOAN SERVICING, LLC, | |
|     Plaintiff, | Civil No. 17-484 (RMB/JS) |
|         v. | **MEMORANDUM OPINION & ORDER** |
| RONALD EDWARD GUARNIERI, et al., | |
|     Defendants. | |

THIS MATTER comes before the Court upon its own motion, as well as the Motion to Remand to State Court by Plaintiff Ocwen Loan Servicing, LLC (the "Plaintiff") [Docket No. 4]. On December 15, 2016, Plaintiff filed the instant foreclosure action in the Superior Court of New Jersey, Chancery Division, Cape May County [Docket No. 1-3]. Thereafter, on January 24, 2017, pro se Defendant Ronald Edward Guarnieri (the "Defendant") removed the action to federal court [Docket No. 1]. Subsequently, Plaintiff timely moved to remand the action to state court on February 17, 2017 [Docket No. 4]. The Court has received no timely opposition to said motion by Defendant.

This Court has an independent obligation to satisfy itself of its subject matter jurisdiction, whether or not any party challenges it. Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010).

It is well-settled that when a case is removed to federal court, the removing defendant bears the burden of establishing the court's subject matter jurisdiction.  See Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004); Martin v. Wal-Mart Stores, Inc., 709 F. Supp. 2d 345, 347 (D.N.J. 2010) (citing Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 447 (7th Cir. 2005)).  Defendant does not specifically identify the basis for removal in the Notice of Removal.  Nevertheless, as the Court must construe Defendant's pro se submissions liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and because the Court has an independent obligation to ensure that it has subject matter jurisdiction over this action, the Court considers whether removal was proper under federal question or diversity jurisdiction.  See 28 U.S.C. §§ 1331, 1332.

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  A district court, however, must remand an action to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).  Defendant, as the party asserting federal jurisdiction in this removal action, "bears

2

the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Federico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007). "Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009) (citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992)).

The United States Supreme Court has made clear that "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

I. **DIVERSITY JURISDICTION**

The Court first addresses diversity jurisdiction. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). "The traditional explanation of the purpose of diversity jurisdiction is the fear that state courts would be prejudiced against out-of-state litigants." Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 189 (3d Cir. 2008). Accordingly, under the "forum defendant" rule, "[a] civil action otherwise removable

3

solely on the basis of the jurisdiction under section 1332(a) of this title [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).  This rule "recognizes that the rationale for diversity jurisdiction no longer exists when one of the defendants is a citizen of the forum state since the likelihood of local bias is reduced, if not eliminated."  King v. McEntee, 2016 WL 6997013, at *1 (D.N.J. Nov. 29, 2016) (quoting Hokanson v. Kerr Corp., 2014 WL 936804, at *2 (D.N.J. Mar. 10, 2014)).

Here, Defendant is a citizen of New Jersey and this action was filed in New Jersey state court.  Accordingly, pursuant to 28 U.S.C. § 1441(b)(2), this action is not removable on the basis of diversity jurisdiction as Defendant "is a citizen of the State in which [this] action [was] brought."  28 U.S.C. § 1441(b)(2); see also Hudson City Sav. Bank, FSB v. Barrow, 2017 WL 701381, at *2 (D.N.J. Feb. 22, 2017) (collecting cases applying forum defendant rule in mortgage foreclosure actions).

## II. FEDERAL QUESTION JURISDICTION

Having found that removal was improper on the basis of diversity jurisdiction under 28 U.S.C. § 1441(b)(2), the Court next turns to whether federal question jurisdiction exists. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have

original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar, 482 U.S. at 392 (citing Gully v. First Nat. Bank, 299 U.S. 109, 112-13 (1936)). This "rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  Id.; accord Briones v. Bon Secours Health Sys., 69 F. App'x 530, 534 (3d Cir. 2003); Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 228 (3d Cir. 1995).

Furthermore, "it is now settled law that a case may not be removed to federal court on the basis of a federal defense, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."  Caterpillar, 482 U.S. at 393 (emphasis in original).  Similarly, a defendant's "counterclaim — which appears as part of the defendant's answer, not as part of the plaintiff's complaint — cannot serve as the basis of 'arising under' jurisdiction."  Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002).

Plaintiff's Complaint does not present any federal questions or claims on its face.  Rather, this is purely a foreclosure action seeking relief against Defendant pursuant to New Jersey contract and foreclosure law.  Accordingly, as this Court does not have federal question jurisdiction over Plaintiff's claims, removal was improper and remand is required. <u>Deutsche Bank Nat'l Trust Co. v. Harding</u>, 655 F. App'x 113, 115 (3d Cir. 2016) ("Inasmuch as the complaint in this case is a straightforward state-law foreclosure complaint, it does not provide a basis for federal question jurisdiction and thus this action could not have originally been brought in federal court. Consequently, it was not removable under 28 U.S.C. § 1441(a)."). Additionally, to the extent that Defendant attempts to invoke federal jurisdiction via a defense or counterclaim, the Court reiterates that, "as is well established, a federal question cannot be predicated on a defense or a counterclaim."  <u>Id.</u> at 114-15.

As there is no proper basis for removal of this action to federal court, the Court finds that remand to the Superior Court of New Jersey, Chancery Division, Cape May County is necessary.

ACCORDINGLY, IT IS HEREBY on this **8th** day of **March 2017**,

**ORDERED** that Plaintiff's Motion to Remand to State Court [Docket No. 4] is **GRANTED**; and it is further

6

**ORDERED** that the above-captioned matter shall be **REMANDED** to the Superior Court of New Jersey, Chancery Division, Cape May County; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** the file in the above-captioned matter.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
UNITED STATES DISTRICT JUDGE